IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CLARA JEAN and BILLY JOE MCHENRY                                                PLAINTIFFS

v.                                        Case No. 2:15-CV-02037

SPARKS REGIONAL MEDICAL CENTER;
DAVID JEFFREY MILLER, D.O.; CLINT
EDWIN WOOD, M.D.; and GARY D. FINE, D.O.                                        DEFENDANTS

**OPINION AND ORDER**

Currently before the Court is Defendant Sparks Regional Medical Center's ("Sparks") motion to dismiss (Doc. 23) and brief in support (Doc. 24). Also before the Court is Plaintiffs' response (Doc. 28). Sparks argues that Plaintiffs' claims against it should be dismissed on the grounds that Sparks was improperly named as a Defendant, proper service against it has not been effected, and any service at this date would be untimely. Plaintiffs, Clara Jean McHenry and Billy Joe McHenry do not dispute that Sparks may have been improperly named, but request "additional time to name the proper party Defendant" if necessary. (Doc. 28, ¶ 1). As to the issue of insufficient service, Plaintiffs represent that service on Sparks' registered agent was attempted via certified mail, but was returned each time as undeliverable without a forwarding address. The summons and complaint were eventually served on Rebecca Ameis on August 18, 2015.

This case was filed by Plaintiffs on February 26, 2015. (Doc. 1). A summons was issued for service on Sparks on that same date. (Docs. 3, 22). Plaintiffs were prompted by the Clerk of Court on May 12, 2015 (Doc. 15) to file proof of service as to Sparks. No proof of service or other response was filed. Plaintiffs were again prompted by the Court by text order entered August 12, 2015, that "the record does not reflect proof of service on Defendant [Sparks] . . . ." Plaintiffs were

directed to show cause by August 21, 2015, as to why their claims against Sparks should not be dismissed without prejudice for failure to timely serve Sparks. Proof of service as to Sparks was filed on August 20, 2015, showing that Sparks was served (via delivery in person to Rebecca Ameis for registered agent Thomas H. Webb, Jr.) on August 18, 2015—by the Court's calculation, 173 days after the filing of the original complaint. Plaintiffs did not otherwise respond to the Court's order to show cause as to why this action should not be dismissed as to Sparks for failure to effect timely service.

The Court first finds that no proper service has been made as to Sparks, as Rebecca Ameis was not a registered agent for service or otherwise a proper party for service under the Federal Rules of Civil Procedure. Service on a corporation or other business entity may be made (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) additionally allows for an individual to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Arkansas allows for service on a corporation "by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any other agent authorized by appointment or by law to receive service of summons." Ark. R. Civ. P. 4(d)(5).

Plaintiffs acknowledge that Sparks' registered agent for service is Thomas H. Webb, Jr. Plaintiffs state that their process server asked for Mr. Webb when attempting service but that "Rebecca Ameis indicated she would accept the documents as she was the individual who dealt with

the petitions and summons anyway." (Doc. 28, ¶ 4). Plaintiffs cite to case law from New York for the proposition that "Rule 4(d)(3)" should be construed liberally. Rule 4(d)(3)—either under the Federal Rules or Arkansas Rules—is not at issue here; case law from New York does not carry great persuasive weight; and the citation provided by Plaintiffs would in any event only support the argument that service may be deemed sufficient when made upon an individual of sufficient authority or integration with the organization being served. All that Plaintiffs are able to represent as to Ms. Ameis is that she held herself out as someone who dealt with summonses.

Furthermore, even if service on Ms. Ameis were proper, the service was still untimely. "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs were given notice of their failure to serve Sparks both on May 12, 2015, and again on August 12, 2015. Plaintiffs were specifically directed to show cause as to why their action should not be dismissed pursuant to Rule 4(m) for failure to timely serve Sparks. Sparks has also now filed a motion to dismiss based on improper and untimely service. As to timeliness, Plaintiffs argue only that they twice failed to effect service via certified mail due to Sparks' failure to update the address of its registered agent for service with the Arkansas Secretary of State. This is not sufficient to show cause for failure to serve Sparks within the 120 days allowed by Rule 4(m). Plaintiffs have not provided any affidavit or other information about when they attempted service via certified mail. Furthermore, it appears that they were able to get an updated mailing address by simply contacting the Arkansas Secretary of State directly. Finally, Plaintiffs do not account for why they could not otherwise timely serve Sparks via service on another officer or agent of Sparks or by other means provided for in the

Federal and Arkansas Rules of Procedure.

Pursuant to Rule 4(m), the Court must extend the time for service if a plaintiff shows good cause for a failure to effect timely service. The Court finds that Plaintiffs have not shown good cause mandating an extension of time for service under Rule 4(m). The Court further finds that Plaintiffs have not shown good cause or excusable neglect warranting a discretionary extension. *See Kurka v. Iowa County, Iowa*, 628 F.3d 953 (8th Cir. 2010) (setting out standards). Notwithstanding prompting by the Court Clerk in May, Plaintiffs failed to even attempt service via a process server until well after 120 days after filing the initial complaint.[1] This attempt at service was made only after Plaintiffs were prompted a second time by the Court and advised that the action against Sparks was subject to dismissal. Plaintiffs did not appropriately respond to the Court's order to show cause, and the response to Sparks' motion to dismiss was insufficient to warrant an extension, taking into account all the relevant factors and the facts and circumstances of this case. The Court finds that dismissal is particularly appropriate here, where it is not clear that Plaintiffs have even sued the correct defendant. Even if the Court, in its discretion, were to extend time for service, it appears that the extension would have to be of some indeterminable length in order to allow Plaintiffs to first resolve the issue of who they intend to sue.

For the reasons set forth above, the Court finds that Plaintiffs' claims against Sparks should be dismissed without prejudice pursuant to Rule 12(b)(4) for insufficient process and pursuant to Rule 4(m) for untimely service. The Court notes that Plaintiffs requested, in response to Sparks'

---

[1] The Court notes that the 120 days allowed for service runs from the filing of the initial complaint and was not affected by Plaintiffs' filing of an amended complaint. *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) ("Filing an amended complaint in itself does not toll the service period or reset the 120-day clock" (quotation omitted)).

motion to dismiss, "an opportunity to amend the complaint to properly name Sparks Regional Medical Center." (Doc. 28, p. 2). Plaintiffs are advised that the Court will not rule on a request that is not properly raised in a motion that complies with Local Rules 5.5(e) and 7.2.

IT IS THEREFORE ORDERED that Sparks' motion to dismiss (Doc. 23) is GRANTED, and Plaintiff's claims as to Sparks are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 16th day of October, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE